IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-9** (JCN: 2020014490)

**PATRICK MARTIE,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR") appeals the December 13, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Patrick Martie filed a timely response.[2] ACNR did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Martie a 3% permanent partial disability ("PPD") award and instead granted him an additional 6% PPD award for a total of a 9% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Martie suffered a compensable workplace injury on November 26, 2019, while employed by ACNR. Mr. Martie reported that he was lifting a metal cover when he experienced shoulder pain. Mr. Martie went on vacation shortly after his injury and did not experience worsening symptoms until his return to work on December 11, 2019.

---

[1] For reasons not readily apparent in the appendix record, the petitioner has substituted "Ohio County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.,* __ W. Va. __, __ n.1, 880 S.E.2d 89, 92 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] ACNR is represented by Aimee M. Stern, Esq. Mr. Martie is represented by Sandra K. Law, Esq.

On December 12, 2019, Mr. Martie was seen by Elizabeth Snyder, P.A. Ms. Snyder noted that Mr. Martie's right shoulder range of motion was limited by pain. An MRI of Mr. Martie's right shoulder revealed minimal acromioclavicular ("AC") joint degenerative changes. Ms. Snyder diagnosed Mr. Martie with right shoulder strain and right AC joint strain. On December 31, 2019, the claim administrator issued an order holding the claim compensable for unspecified sprain of the right shoulder joint and approving medical expenses for that diagnosis.

On January 24, 2020, Mr. Martie was seen by Dante A. Marra, M.D., an orthopedic surgeon. Dr. Marra diagnosed Mr. Martie with a right shoulder sprain with possible rotator cuff pathology; impingement syndrome; acromioclavicular degenerative joint disease; and contusion. On June 11, 2020, Mr. Martie underwent a right shoulder arthroscopy with extensive shaving, arthroscopic SLAP repair, arthroscopic subacromial decompression, and arthroscopic distal clavicle resection performed by Dr. Marra.

Mr. Martie was seen by George Bal, M.D., an orthopedic surgeon, on March 4, 2021. Mr. Martie indicated that he continued to experience right shoulder pain following his surgery performed by Dr. Marra. Dr. Bal diagnosed Mr. Martie with a right shoulder persistent labral tear. On May 14, 2021, Mr. Martie underwent a right shoulder arthroscopy with debridement and right biceps tenodesis performed by Dr. Bal.

On October 1, 2021, Mr. Martie was seen by Prasadarao Mukkamala, M.D., for an independent medical evaluation ("IME"). Dr. Mukkamala concluded that Mr. Martie had reached his maximum medical improvement ("MMI"). Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found that Mr. Martie had a 3% impairment for loss of range of motion in the right shoulder. However, Dr. Mukkamala opined that the distal clavicle resection should not be rated because he felt that it was performed to address a preexisting noncompensable degenerative arthrosis of the AC joint. The claim administrator issued an order dated October 6, 2021, granting Mr. Martie a 3% PPD award based on the report of Dr. Mukkamala.

Mr. Martie was seen by Bruce Guberman, M.D. on December 2, 2021. Dr. Guberman opined that Mr. Martie had reached MMI. Using the *Guides*, Dr. Guberman indicated that Mr. Martie had 6% upper extremity impairment ("UEI") for loss of range of motion and 10% UEI for undergoing a resection arthroplasty of the distal right clavicle. Dr. Guberman combined those ratings and converted them to whole person impairment ("WPI"), finding a total 9% WPI associated with the compensable injury. Dr. Guberman noted that prior to the compensable injury Mr. Martie's right shoulder was asymptomatic and that he would not have undergone the resection arthroplasty of the distal clavicle but for the compensable injury.

The Board issued an order dated December 13, 2022, reversing the claim administrator's order and granting Mr. Martie an additional 6% PPD award for a total of 9% PPD award based on the report of Dr. Guberman.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ACNR argues that the Board erred by concluding that Dr. Guberman's report was the most reliable because he included a degenerative noncompensable condition in the impairment rating. We disagree.

The Board found that there was no evidence Mr. Martie had ever sought medical treatment or had any complaints regarding his right shoulder prior to his work injury. The Board found that Dr. Guberman's report was most reliable because he included the distal clavicle resection in his rating of Mr. Martie's impairment. The Board adopted Dr. Guberman's opinion that, despite some degenerative changes in his shoulder, Mr. Martie would not have required distal clavicle resection if not for the work injury. Further, the Board found that Dr. Mukkamala's report was not reliable because he had not included the distal clavicle resection in his rating of Mr. Martie's impairment.

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was the most reliable because he rated Mr. Martie's entire impairment associated with the compensable injury and Dr. Mukkamala did not. Further, the Board was not clearly wrong in granting Mr. Martie an additional 6% PPD award for a total of 9% PPD award based on Dr. Guberman's report.

3

Finding no error in the Board's December 13, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen